



1

2  Priority
   Send
3  Enter
   Closed
4  JS-5/JS-6
   JS-2/JS-3
5  Scan Only

6

7

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11

12

13

14

15  DEXTER S.C. FARLOUGH,        ) Case No. CV 07-7187-GPS (SH)
                                 )
16              Petitioner,      ) MEMORANDUM AND ORDER
                                 ) DISMISSING PETITION FOR
17                               ) WRIT OF HABEAS CORPUS
                                 )
18        v.                     )
                                 )
19  NICHOLAS DAWSON,             )
                                 )
20              Respondent.      )
                                 )
21  _____ )

22       On November 1, 2007, pro se petitioner, in state custody, filed a Petition for

23  Writ of Habeas Corpus by a Person in State Custody ("Petition").  Petitioner

24  challenges his 2006 conviction in the Superior Court of California, Los Angeles

25  County (Case No. PA054635). As best the Court can glean from the allegations in

26  the Petition, petitioner is alleging the following claims: (1) The prosecutor failed

27  to disclose material, exculpatory evidence to the defense; (2) Petitioner's right to

28  equal protection was violated because did not receive notice of the charges against

                                     1

1   him long enough before trial in order to prepare a defense, and because his
2   conviction was solely based on an accomplice's testimony; (3) Petitioner was
3   denied the right to counsel; (4) Petitioner's trial commenced later than ninety days
4   after petitioner was detained in violation of 18 U.S.C. §§ 3161 and 3164(b); and (5)
5   Petitioner received ineffective assistance of trial counsel. (Petition at 5-6).

6       As a matter of comity, a federal court will not entertain a habeas corpus
7   petition unless the petitioner has exhausted the available state judicial remedies on
8   every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102
9   S.Ct. 1198, 71 L.Ed.2d 179 (1982). The habeas statute now explicitly provides that
10  a habeas petition brought by a person in state custody "shall not be granted unless
11  it appears that-- (A) the applicant has exhausted the remedies available in the courts
12  of the State; or (B)(i) there is an absence of available State corrective process; or
13  (ii) circumstances exist that render such process ineffective to protect the rights of
14  the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement
15  is to be waived, it must be waived expressly by the State, through counsel. See 28
16  U.S.C. § 2254(b)(3).

17      Exhaustion requires that the prisoner's contentions be fairly presented to the
18  state courts, and be disposed of on the merits by the highest court of the state. See
19  James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994);
20  Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly
21  presented unless the prisoner has described in the state court proceedings both the
22  operative facts and the federal legal theory on which his claim is based. See
23  Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995);
24  Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971);
25  Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

26      Here, petitioner has failed to allege in the Petition that the claims raised in
27  the Petition were presented to the California Supreme Court. Indeed, petitioner
28  admits he did not present the claims raised in the Petition to the California Supreme

1  Court. (See Petition at 5-6). Thus, petitioner has never presented to the California

2  Supreme Court the claims being alleged in the Petition herein.   It appears

3  conclusively from the face of the Petition that the claims alleged in the Petition are

4  unexhausted.

5         Accordingly, the claims alleged in the Petition are unexhausted and the

6  Petition is properly dismissed without prejudice.

7         ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without

8  prejudice to refiling after exhaustion of state remedies.[1]

9  DATED:  1/14/08

10

11

12

13                                    GEORGE P. SCHIAVELLI
                                      UNITED STATES  DISTRICT JUDGE
14

15  Presented by:
    Date    11-5-07
16

17

18  _____

19  STEPHEN J. HILLMAN
    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26  _____

27  [1]    This dismissal does not relieve petitioner from complying with the one-year
    statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the
    Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future
28  habeas petitions filed in this Court.

                                      3